# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CRAIG MOSLEY,<br>        Appellant,<br><br>    v.<br><br>DEPARTMENT OF THE ARMY,<br>        Agency. | DOCKET NUMBER<br>AT-0752-13-3463-I-1<br><br><br>DATE: April 20, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Craig Mosley</u>, Huntsville, Alabama, pro se.

<u>David C. Points, Jr.</u>, Redstone Arsenal, Alabama, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which reversed the agency's decision to furlough the appellant. For the reasons set forth below, the agency's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2        The appellant filed this appeal to contest the agency's decision to furlough him for fewer than 30 nonconsecutive days during the last quarter of the 2013 fiscal year.  Initial Appeal File (IAF), Tab 1.  Because no hearing was held, the initial decision was based on the written record contained within the appellant's individual appeal file and the file associated with the individual appeals consolidated under the caption *In re: Redstone Arsenal, Group II v. Department of the Army*, MSPB Docket No. AT-0752-14-0217-I-1.  Consolidated Appeal File (CAF), Tab 1; IAF, Tab 3, Initial Decision (ID) at 1-2.  The record in this appeal closed on June 29, 2016, and the initial decision was issued on July 21, 2016.  ID at 1-2.  Therein, the administrative judge found that the agency failed to meet its burden of proof that the appellant was not subject to any furlough exception, and he reversed the furlough action.  ID at 4.  The administrative judge found that, prior to the record's close, the agency failed to offer any evidence to rebut the appellant's claim that his position was exclusively funded through Foreign Military Sales and thus fell within one of the agency's furlough exceptions.  *Id.*

¶3        On November 2, 2016, the agency filed this petition for review.[2]  Petition for Review (PFR) File, Tab 1.  Therein, the agency representative asserts that he did not know that the initial decision had been issued until the appellant sought his assistance in implementing the Board's order.  *Id.* at 4.  He further asserts that, when he sought to access the initial decision using the Board's e-Appeal Online system, he "was asked the preliminary questions that are requested when one initially is accessing a new furlough filer account as there is no MSPB e−Appeal prior history of me having access to Appellant's case file."  *Id.* at 4.  He also asserts that neither the initial decision that the appellant provided nor the

---

[2] The administrative judge did not order interim relief to avoid a possible overpayment resulting from the payment of back pay in case the Board affirmed the furlough action.  ID at 6.  It was thus unnecessary for the agency to certify compliance with an interim relief order in the petition for review.  *See* 5 C.F.R. § 1201.116(a).

initial decision in the e-Appeal Online Repository referenced any "service of process to me." *Id.* at 5.

## ANALYSIS

<u>The petition for review is untimely filed, and the agency did not establish good cause for the delay in filing.</u>

¶4      A petition for review generally must be filed within 35 days after the date that the initial decision was issued, or if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision.  5 C.F.R. § 1201.114(e).  The initial decision was issued on July 21, 2016, making its finality date August 25, 2016.  ID at 1, 7.  The agency's petition for review was filed on November 2, 2016.  PFR File, Tab 1 at 1.  The record reflects that the agency did not request an enlargement of time in which to file its petition.  We thus find the agency's petition for review untimely filed by 69 days.

¶5      The Board will waive its filing deadline only upon a showing of good cause for the delay in filing.  5 C.F.R. §§ 1201.12, 1201.114(g).  To establish good cause for the untimely filing of a petition for review, a party must establish the exercise of due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).

¶6      The e-Appeal Online Repository record for this appeal shows that the agency representative, as an e-filer, filed the agency response to the consolidated furlough appeal on September 10, 2014.  CAF, Tab 2.  Indeed, he references that response in the petition for review.  PFR File, Tab 1 at 5.  On June 27, 2016, the agency representative also filed as an e-filer a prehearing submission containing the deciding official's declaration.  CAF, Tab 9.  On June 28, 2016, a second agency representative registered as an e-filer, stating, "I hereby register all Agency Representatives in this case as e-filers."  CAF, Tab 14.  The administrative judge issued the initial decision on July 21, 2016.  IAF, Tab 3.  The certificate of service for the initial decision states that the agency

representative filing this petition for review was served by electronic mail on July 21, 2016. IAF, Tab 4. The agency representative was thus a registered e‑filer for this appeal while it was pending before the administrative judge. Otherwise, he would not have been able to file pleadings via the e-Appeal Online system. 5 C.F.R. § 1201.14(e)(1).

¶7 As a registered e-filer in the Board's e-Appeal Online system, the agency representative had certain responsibilities. Registration as an e-filer constitutes consent to accept electronic service of pleadings filed by other registered e-filers and documents issued by the Board. *Id.* A registered e-filer must notify the Board and other parties of any change in his email address. 5 C.F.R. § 1201.14(e)(6). He is also responsible for ensuring that email messages from the Board are not blocked by any filters associated with his account. 5 C.F.R. § 1201.14(j)(2). Additionally, a registered e-filer must monitor case activity in e-Appeal Online Repository to ensure that he has received all the documents related to the cases for which he is registered. 5 C.F.R. § 1201.14(j)(3).

¶8 When the Board issues documents in a particular appeal, the e-filers for that appeal receive email messages notifying them of the issuance and containing links to the Repository where they may view and download the documents. 5 C.F.R. § 1201.14(j)(1). The Board will not normally serve paper copies of the documents on e-filers. *Id.* Board documents served electronically on registered e-filers are deemed received on the date of electronic submission. 5 C.F.R. § 1201.14(m)(2).

¶9 Nothing in the record shows that the agency representative withdrew from his status as an e-filer. *See* 5 C.F.R. § 1201.14(e)(4). The record only shows that an additional agency representative registered as an e-filer. CAF, Tab 14. If the agency representative's email address had changed, he would have been responsible for informing the Board. Even if a system error occurred, it was nevertheless his responsibility to monitor the Repository for filings pertaining to

this appeal.  Accordingly, we find that the agency failed to show good cause for the delay in filing, and we dismiss the petition for review as untimely filed.[3]

Alternatively, the Board will not consider the agency's newly submitted evidence.

¶10    The agency representative asserts that, after he received the initial decision, he inquired with the Human Resources Director at the U.S. Army Aviation and Missile Research, Development and Engineering Center (AMRDEC), as to whether the appellant had been exempt from the furlough.  PFR File, Tab 1 at 5. The Human Resources Director reiterated the agency's position set forth in its September 10, 2014 response that only those AMRDEC employees that met one of 11 exemptions listed in the response were exempt from the furlough.  *Id.*; CAF, Tab 2 at 5-7.  The agency representative thus submitted an affidavit from an AMRDEC Human Resources Program Analyst, refuting the appellant's contention that his position was fully funded through Foreign Military Sales and thus exempt from the furlough.  PFR File, Tab 1 at 5, 7-9.

¶11    Under  5 C.F.R. § 1201.115(d),  the Board  generally  will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.  5 C.F.R. § 1201.115(d).  The affidavit in question was executed on November 2, 2016, after the record closed in the proceeding before the administrative judge.  PFR File, Tab 1 at 8-9.  The agency representative has not explained why the agency failed to present such an affidavit before the record closed, especially after the administrative judge called attention to the appellant's

---

[3] The agency representative also failed to submit with his petition for review a motion for the Board to accept his filing as timely and/or to ask the Board to waive or set aside the time limit and the accompanying affidavit or sworn statement.  PFR File, Tab 2 at 1‑2; *see* 5 C.F.R. § 1201.114(g).

contention in the Order and Summary of Telephonic Prehearing/Close of the Record Conference almost 2 weeks earlier. CAF, Tab 8 at 13 n.11. Absent a showing that this information was unavailable to the agency despite due diligence, we will not consider it.

¶12 Accordingly, we dismiss the petition for review as untimely filed without good cause shown for the delay in filing. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the merits of the furlough appeal.

## ORDER

¶13 We ORDER the agency to the agency to cancel the appellant's furlough effected during discontinuous days during the last quarter of FY 2013 (*i.e.*, effected during the months of July, August, and September 2013). *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶14 We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶15 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶16     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶17     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.



# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1‑7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.